CROSNOE *v.* STATE.

Crim. 3925

Opinion delivered April 1, 1935.

*Steve Carrigan* and *J. C. Clary,* for appellant.

*Carl E. Bailey, Attorney General,* and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant was convicted on an indictment charging the crime of arson, for the burning of the gin house and machinery of Mr. J. A. Lee, and sentenced to six years in the penitentiary.

The only assignment of error urged for a reversal of the judgment against him is that the court erred in permitting the sheriff of Bradley County, Mr. Trav Beard, to testify to statements made to him by appellant in the nature of confession of his guilt of said crime. The basis of this assignment is that appellant had been promised immunity by the State Insurance Commissioner and Fire Marshal to obtain his confession in the first instance. This assignment is not supported by the testimony of Mr. Gentry, the Insurance Commissioner. He testified that he conferred with the prosecuting attorney, who advised him that he would be inclined to follow whatever Mr. Lee and the insurance department thought best in the matter. He further testified that he told appellant what the prosecuting attorney had said and explained Mr. Lee's attitude; that thereafter appellant signed a written statement to the effect that he had been hired by Ben F. Wilson to burn the gin and that he in turn employed Jesse Hudson to do the burning, and paid him $100 to do it. There is nothing in Mr. Gentry's testimony, all of which was in chambers before the court and not before the jury, that amounts to a promise of immunity or pro-

tection. Moreover, the testimony of Mr. Beard, which is the basis of this assignment, is to the effect that appellant made statements concerning his guilt to him freely and voluntarily and without any promise. The Insurance Commissioner had no authority to bind the prosecuting attorney in this regard. Appellant did not testify in the case, and, of course, did not state that he had been promised any immunity or hope of reward or protection from punishment by any one, and no other witness so testified in court.

We are therefore of the opinion that the objection made to the testimony of the sheriff relating to appellant's confession to him was properly overruled. This being the only assignment of error made, and it being without merit, the judgment must be affirmed. It is so ordered.